# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

The General Retirement System of the City of Detroit and the Police and Fire Retirement System of the City of Detroit,

                         Plaintiffs,

v.

Alamerica Bank, Alamerica Bancorp, and Lawrence Tate,

                         Defendants.

_____/

Case No. 14-cv-10032
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR RELIEF FROM ORDER [60; 62]

Plaintiffs filed a motion for sanctions on September 23, 2015, (Dkt. 50), defendants filed their response in opposition on September 30, 2015, (Dkt. 51), and plaintiffs filed their reply on October 7, 2015. (Dkt. 53.) The Court granted in part plaintiffs' motion on March 7, 2016, and awarded plaintiffs $25,000 against defendants and their counsel, jointly and severally. (Dkt. 58.) Defendants filed a motion for reconsideration and for relief from order on March 21, 2016, (Dkt. 60),

as amended by motion on April 12, 2016, (Dkt. 62), which is the subject of this opinion and order.

The core of defendants' argument is that "[s]ubsequent to the Court's hearing, in investigating matters regarding [p]laintiffs' claim regarding [d]efendants [sic] failure to comply with discovery, it became known to [d]efendants that [p]laintiffs have misrepresented to this Court the significance of the discovery sought, and their need for these documents." (Dkt. 60 at 7.) Defendants argue that the Court premised its opinion "on its belief, relying solely on [p]laintiffs' counsel's assertion, that discovery had not been provided." (Dkt. 60 at 11.) Defendants also argue that "many of the deficiencies alleged" in plaintiffs' reply brief to defendants' response in opposition to the motion for sanctions "did not exist." (Id. at 12.)

Specifically, defendants assert that a privilege log "was included within the first set of documents produced," and "with respect to the documents regarding stock transfers, those documents were all provided in an earlier production." (Id. at 12.) And defendants initially provided affidavits and emails to support their assertion that plaintiffs failed to download documents from links provided by defendants'

2

counsel on September 9 and 11, 2015. (Id. at 10-11.) But in defendants' amended motion, they assert that plaintiffs did download the documents produced to them on September 9, 2015, and therefore "withdraw any comments about or inferences drawn from any alleged failure on the part of [p]laintiff's [sic] counsel to download documents related to this production of September 9, 2015." (Dkt. 62 at 2.)

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Defendants misunderstand the standard regarding motions for reconsideration. Not once in their motion or brief do defendants use the word "palpable" or "obvious," "clear," "unmistakable," "manifest," "plain," or even "defect." Instead, defendants cite a Northern District of Ohio case for the proposition that "[r]econsideration should be granted when the court has overlooked a matter that would be material in the Court's decision on the matter." (Dkt. 60 at 9 (citing *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).)

Here, defendants "merely present the same issues ruled upon by the court," E.D. Mich. LR 7.1(h)(3), or that "could have been raised before a judgment was issued." *Roger Miller Music, Inc.,* 477 F.3d at 395. In their response in opposition to plaintiffs' motion for sanctions, defendants provided the Court with "a copy of the two privilege logs which have been served by defendants." (Dkt. 51 at 9.) Thus

4

defendants' arguments regarding the privilege logs have already been presented and considered by the Court.

And as to the September 11, 2015 links that defendants' counsel provided to plaintiffs' counsel, defendants have known since at least October 27, 2015, that plaintiffs' counsel had allegedly failed to utilize the links. (Dkt. 60 at 18 ("As to the September 11, 2015 production, these documents were not accessed during the initial 30 day time period, but were accessed sometime after [defendants' counsel] was asked to and did in fact re-open the hyperlink on October 27, 2015).") The Court's order granting in part plaintiffs' motion for sanctions was not entered until March 7, 2016. Defendants did not attempt to raise this issue before the sanctions order was entered. Because defendants already raised these issues or could have raised them before the Court's order was entered, the motion for reconsideration will not be granted.

Defendants request in the alternative that the Court exercise its discretion to grant relief from the sanction order under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. 60 at 1.) Under Rule 60(b), the Court may in its discretion grant relief from judgment for, among other things, mistake, inadvertence, surprise, or excusable neglect; newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)–(3); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion for the district court."). Defendant argues that the Court should grant relief for each of these reasons. (*See* Dkt. 60 at 2.) Because Rule 60(b)(2) is inapplicable here, the Court only considers Rules (b)(1) and (b)(3).

As noted in the March 7, 2016 sanction order, "the Court has extensively engaged with counsel and observed their behavior regarding discovery issues." (Dkt. 58 at 10.) "In addition to several telephonic conferences on the record" to address the many discovery issues that have arisen since discovery commenced, "in which the Court ordered defendants to produce certain documents and other information, the Court twice had to enter a written order to compel, to no avail." (Id.) Nothing in defendants' motion for relief from order persuades the Court that it was mistaken or misled to find "that there [were] likely documents in defendants' control that were responsive but not produced

6

and which came to light when plaintiffs obtained discovery from non-party sources." (Id.) Even taking defendants at their word that the Court was mistaken or misled as to "many of the deficiencies" regarding privilege logs and documents produced pursuant to this Court's several discovery orders, the Court still finds that defendants failed to produce others.

The Court previously declined to exercise its discretion to order harsher sanctions against defendants for their conduct. Instead, the Court ordered monetary sanctions that the Court "*must* order the disobedient party, the attorney advising that party, or both to pay," given that defendants' failure was not "substantially justified" nor such "award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The Court still finds this to be true.

Accordingly, defendants' motion for reconsideration or relief from order (Dkt. 60), as amended (Dkt 62), is denied.

IT IS SO ORDERED.

Dated: May 3, 2016         s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                           United States District Judge

7

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2016.

                                              s/Felicia M. Moses
                                              FELICIA M. MOSES
                                              Case Manager